**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jori Anglin, ) | No. CV-08-404-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael J. Astrue, Commissioner of Social ) Security ) | |
| Defendant. ) | |

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Administration's decision regarding the closing date of her eligibility for benefits. We have before us plaintiff's motion for summary judgment, statement of facts, and memorandum of points and authorities (docs. 12, 13, & 14), and defendant's response (doc. 20). We also have before us defendant's cross motion for summary judgment, statement of facts, and memorandum in support of defendant's motion (docs. 19, 17, & 18 respectively).

Plaintiff applied for disability benefits on August 10, 2004, alleging a disability onset date of February 3, 2004, due to herniated bulging cervical discs, lower back problems, and headaches. The claim was denied both initially and upon reconsideration. After a November 2, 2006 hearing, the Administrative Law Judge ("ALJ") found that plaintiff was disabled from February 3, 2004 through October 16, 2006, and granted benefits for that period. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 4, 2008.

Plaintiff appeals the ALJ's determination that her disability ended on October 17, 2006. The Commissioner's decision to deny or award benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). Plaintiff contends that the ALJ's decision to close the benefit period was not supported by substantial evidence because he misinterpreted a recommendation from plaintiff's treating physician, Dr. Paul W. LaPrade, Jr., regarding her ability to work. We disagree.

Contrary to plaintiff's position, the ALJ's finding that she was able to perform sedentary work as of October 17, 2006 was not based solely on a single notation from Dr. LaPrade. The ALJ undertook an extensive review of the record documenting the progression of plaintiff's treatment. Tr. at 27. The ALJ also based his finding on a detailed medical assessment completed by Dr. LaPrade on October 17, 2006 indicating that plaintiff could perform the functions required for sedentary work, including: sitting 2 hours at a time for an 8 hour work day; carrying 5 pounds frequently and 10 pounds occasionally; and bending, squatting, crawling, climbing, and reaching occasionally. Tr. at 28. These findings are sufficient to support a conclusion that plaintiff was able to perform sedentary work. See 20 C.F.R. § 404.1567(a) (defining sedentary work). We conclude, therefore, that the ALJ's decision to end plaintiff's disability period on October 16, 2006 was supported by substantial evidence and not in error.

Plaintiff requested reconsideration of the ALJ's decision, and in support of her request, she submitted a letter from Dr. LaPrade, dated February 15, 2007, concluding that she was still unable to work. Tr. at 434. The Appeals Council considered Dr. LaPrade's letter, but found that it did "not contain any clinical or laboratory findings which would warrant a change in the [ALJ's] decision."[1] Id. at 6. We agree. A physician's opinion as to the ultimate issue of plaintiff's ability to work is not binding, 20 C.F.R. § 404.1527(e)(1), and

---

[1] We need not address whether the Appeals Council had "good cause" to receive new evidence because the parties agree that Dr. LaPrade's letter should have been considered. See Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

- 2 -

1  a treating physician's opinion may be rejected where the opinion is "brief, conclusory, and
2  inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th
3  Cir. 2002) (citation omitted). Dr. LaPrade's statement that the plaintiff was unable to work
4  as of February 15, 2007 was unsupported by any medical evidence and directly contradicted
5  the detailed medical assessment he completed months before. Tr. at 434 & 397-99.
6  Therefore, Dr. LaPrade's letter does not require that the ALJ's decision closing the benefits
7  period be vacated.
8      Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment
9  (doc. 12). **IT IS FURTHER ORDERED GRANTING** defendant's cross motion for
10 summary judgment (doc. 19).
11     DATED this 1st day of May, 2009.

                /s/ Frederick J. Martone
                Frederick J. Martone
                United States District Judge